# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM A. GUEST, Respondent, *v.* THE CITY OF
BROOKLYN AND OTHERS, Appellants.

*Assessment — irregularity in, cured by legislative act — Law directing that property
defectively assessed for local improvement be taxed to the amount of the assessment —
validity of — Constitution, art. 7, § 13 — requiring tax and object to be stated —
relates solely to State finances, and does not govern assessments for local improve-
ments — chap. 297 of 1861 — chap. 383 of 1869 — construction of.*

APPEAL from a judgment entered upon the report of a referee,
cancelling an assessment on the plaintiff's land, and a sale had for
the non-payment of a tax, including an installment of such assess-
ment, and enjoining the city of Brooklyn from enforcing the col-
lection of such tax, etc.

The assessors of the city of Brooklyn were by law directed to
ascertain the actual cost of the Third street improvement (so called)
in said city, and to apportion and assess the same among and upon
the lands benefited by said improvement, situate within a specified
district of assessment, according to the provisions of chapter 297
of the Laws of 1861, and chapter 383 of the Laws of 1869. The
latter act directed that one-nineteenth part of such cost, with inter-
est, should be annually collected by tax, until the whole should be
paid. In the annual tax against the plaintiff for 1871, there was
included the sum of $267.11, being one-nineteenth part of the sum
apportioned as the plaintiff's share of the cost of said improvement,
with interest. The referee found that such apportionment was null
and void, but upon what ground did not distinctly appear. He
also found that one-half of the plaintiff's lot, upon which the tax
aforesaid is a charge or lien, was not within said district of assess-
ment, and the legal effect of the judgment rendered by him was
to enable the plaintiff to pay that part of the tax against him,

which would remain after deducting therefrom said sum of $267.11, and upon such payment being made, to have the whole tax canceled, and the plaintiff's lot relieved from the incumbrance thereof, and of the proceedings had for the sale of said lot for the non-payment of the tax.

The court at General Term say : " We are unable to concur in the conclusions of the referee. The act of 1869, before cited, conferred upon the assessors jurisdiction, and made it their duty to make the apportionment referred to, and to add one-nineteenth of the plaintiff's share of the amount thereof to the annual tax against him in each year. That act we think is clearly valid, whether the proceedings in respect to the Third street improvement, which it ratifies, were void for irregularity or illegality, or not. It is not necessary to discuss the objections urged against the validity of those proceedings prior to the passage of said act of 1869, for it was competent for the legislature to direct, that the actual costs of that improvement, however incurred, should be ascertained, and to impose a tax directly for the amount of such cost upon the property which they deemed benefited by the improvement. That is the legal effect of said act of 1869. The reference which it contains to the act of 1861, for the purpose of prescribing the manner of imposing and collecting the tax, was sufficient, whether the latter act be deemed valid as a separate enactment or not. We think, however, it was a valid act. The legal effect of such reference to it was to incorporate the matter referred to into the act of 1869, and as there was then no constitutional prohibition against that method of legislation, it must be held to be a legal mode of expressing the legislative intent, and effect must be given to it accordingly. The tax, and the object to which it was to be applied, we think were sufficiently stated. But if not, we are of opinion that the tax is not affected by article 7 of the Constitution. That article relates solely to the State finances, and does not govern assessments for local improvements. (*People* v. *Suprs. of Chenango*, 4 Seld., 317; *Darlington* v. *The Mayor*, 31 N. Y., 186.) The case of *Hanlon* v. *Supervisors*, contra (57 Barb., 383), is in conflict not only with the cases cited, but with a decision on this point made at a General Term of this court. (6 Lans., 97.) Nor is there any force in the objection that the legislature did not

designate the means for ascertaining the cost of the improvement, or that the tax therefor was imposed through the medium of the board of assessors. The legal presumption is, that such cost was ascertained in a proper way, and the imposition of the tax was done in the mode generally adopted. That the legislature has power to amend defective proceedings of public officers, to render valid acts within the scope of the legislative power, but which were done under statutes that infringed one or more provisions of the Constitution, and to impose taxes for the expense of public works incurred without antecedent authority, has been in effect repeatedly adjudged. (*People ex rel. Alb. and Sus. R. R. Co.* v. *Mitchell*, 35 N. Y., 551; *Re Van Antwerp*, 56 id., 261; *People* v. *Williams*, 3 N. Y. S. C. [T. & C.], 339; *Rogers* v. *Smith*, 5 Hun, 475; *Dean* v. *Borchsenius*, 30 Wis., 236; *Brewster* v. *City of Syracuse*, 19 N. Y., 116; *Guilford* v. *Supervisors of Chenango*, 3 Kern., 143; *Litchfield* v. *Vernon*, 41 N. Y., 123; *Sorchan* v. *City of Brooklyn*, 6 N. Y. Sup. [T. & C.], 316.) Such power was exercised in the case before us, and it cured the numerous defects, assuming them to exist, which have been urged by the plaintiff to invalidate the tax. The meaning of the act of 1869 is plain enough, although the language used to convey the same is obscure. The legislature directed the cost of the improvement to be ascertained and apportioned, and the amount apportioned and remaining unpaid to be levied and assessed upon the lands chargeable therewith, as then provided by law, and in such manner that one-nineteenth part thereof (instead of one-twentieth, as had been previously provided), with interest, should be collected in each year. The lands to be assessed were defined by the act of 1861, and such district of assessment was adopted by the act of 1869. These remarks, if correct, show that there was no lack of authority for the levying of the tax, and that the assessors had jurisdiction in the premises."

*William C. De Witt,* for the appellants. *John J. Townsend,* for the respondent.

Opinion by GILBERT, J.; BARNARD, P. J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted at Special Term, costs to abide event.